FRANK L. CORRADO, ESQUIRE
BARRY, CORRADO, GRASSI & GIBSON, P.C.
2700 Pacific Avenue
Wildwood, NJ 08260
Phone (609) 729-1333 Fax (609) 522-4927
FLC 9895
fcorrado@capelegal.com

RUBIN SININS, ESQUIRE
JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS
201 Washington Street
Newark, NJ  07102
Phone (973) 642-7005 Fax (973) 642-2981
RS 8325
rsinins@javerbaumwurgaft.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS WOHLTMAN,<br><br>           Plaintiff,<br>vs.<br><br>THE CITY OF NEWARK, NEWARK POLICE DEPARTMENT, ANTHONY AMBROSE, GARRY F. McCARTHY, KURT R. EBLER, RICHARD CUCCOLO, JOHN DOES 1-10,<br><br>           Defendants. | CIVIL ACTION<br><br>Case No.:<br><br>COMPLAINT |

Plaintiff Louis Wohltman, by way of complaint against defendants in this matter, hereby avers:

**INTRODUCTORY STATEMENT**

This is a civil rights lawsuit in which a Newark police officer, Louis Wohltman, asserts his right as a citizen to speak

1

anonymously and critically about an issue of intense public interest – the integrity and competence of the Newark police department.  It raises fundamental questions about an individual's rights of free anonymous speech, internet privacy, and the state's ability to use, or misuse, the criminal process to unmask the identity of anonymous critics.

While off-duty and acting as an individual citizen, Wohltman posted anonymous internet messages highly critical of the department on a popular local blog, **Newarkspeaks.com**. Several of those messages ridiculed high-ranking members of the department; others accused department members of corruption.

These posts did not constitute a crime.  Yet in its investigation of them, the police department improperly used the criminal grand jury subpoena process to obtain Wohltman's identity, after which it disciplined him in retaliation for his critical speech.

In doing so, the department violated Wohltman's rights of free speech under the First Amendment and the state constitution; his privacy rights under the state constitution; the state wiretap law; and state law governing grand jury secrecy.  It misused the criminal process to address what was at most an internal disciplinary matter.

Wohltman now brings this complaint to remedy these violations, and to vindicate his rights of speech of privacy under both federal and state law.

## I. **PARTIES**

1. Plaintiff Louis Wohltman is an adult individual, residing at 43 Laurie Road, Landing, New Jersey. At all relevant times, Wohltman was an officer in the Newark Police Department.

2. The City of Newark is a municipal corporation organized under the laws of the State of New Jersey, with its principal place of business at 920 Broad Street, Newark. New Jersey. Among its other functions, the city maintains and operates the Newark Police Department, which provides law enforcement services to the City.

3. Defendant Anthony Ambrose is an adult individual, whose address is 55 Grove Avenue, East Hanover, New Jersey 07936. During part of the time period relevant to this lawsuit, Ambrose was the police director of the City of Newark. He is sued in his individual and official capacities.

4. Defendant Garry F. McCarthy is an adult individual, whose address is 411 Chestnut Street, Unit 4E, Newark, New Jersey 07105. During part of the time period relevant to this

lawsuit, McCarthy was the police director of the City of Newark. He is sued in his individual and official capacities.

5.   Defendant Kurt R. Ebler is an adult individual, whose address is 245 Avon Avenue, Westfield, New Jersey  07090-1747. At all relevant times, Ebler was the deputy chief of the Newark Police Department.  He is sued in his individual and official capacities.

6.   Defendant Richard Cuccolo is an adult individual, whose address is 13 Valley View Drive, East Hanover, New Jersey 07936-2520.  At all relevant times, Cuccolo was a captain in the Newark Police Department.  He is sued in his individual and official capacities.

7.   Defendants John Does 1-10 are adult individuals, names and addresses currently unknown, who at all relevant times were members in the Newark Police Department and who participated in the events recounted below.  They are sued in their individual capacities.

## II.   JURISDICTION

8.   This is a civil rights action, arising under the United States Constitution and brought pursuant to 42 U.S.C. §1983, together with pendent state claims.

9.   The Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §1331, as an action arising under

the Constitution of the United States, and 28 U.S.C. §1343(a)(3), as an action to redress the deprivation under color of state law, of rights secured by the Constitution of the United States; and over plaintiff's pendent state law claims pursuant to 28 U.S.C. §1367.

10. The Court has authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2001 et seq.

11. The Court has authority to award costs and attorney's fees pursuant to 42 U.S.C. §1988; with respect to plaintiff's state constitutional claims, pursuant to N.J.S.A. 10:6-2(f); and, with respect to plaintiff's state statutory claims, pursuant to N.J.S.A. 2B:21-10(b) and N.J.S.A. 2A:156A-24(b).

12. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §1391(b), because all defendants reside in this district, and the events giving rise to this claim occurred in this district.

### III. SUBSTANTIVE ALLEGATIONS

13. Wohltman is an officer of the Newark Police Department, with the rank of patrolman. He has been a Newark police officer for 15 years.

14. In February 2006, Wohltman, while off-duty and acting as an individual citizen rather than a police officer, posted a

number of anonymous messages on the internet website **Newarkspeaks.com,** which is a website devoted to discussion of public issues relevant to the City of Newark, including the operation of the city government.

15.  These messages were highly critical of the operations of the Newark Police Department and of several of the individual defendants, including Ambrose, Ebler and Cuccolo.  Several of the messages alleged incidents of corruption and incompetence involving the individual defendants; referred to them by derogatory descriptions and nicknames; or included graphic elements that ridiculed those defendants, such as a clown's nose and wig superimposed on Ambrose's face.

16.  These messages concerned matters of public interest and concern, specifically the honesty, integrity and competence of the Newark Police Department and its commanding officers.

17.  Upon learning of the existence of these anonymous messages, defendants began an investigation to determine the identity of the person who posted them.

18.  In the course of that investigation, defendants improperly obtained and utilized Essex County grand jury subpoenas, which they served on both the **Newarkspeaks.com** website and on various internet service providers, to wrongfully

learn Wohtlman's identity as the person who posted the messages critical of the department.

19. In particular, defendants' use of the grand jury subpoenas in this case constituted an abuse of the grand jury process because:

    a) the subpoenas were based on a specious criminal charge.

    b) the subpoenas were improperly drawn and neither contained a return date nor offered the recipients an opportunity to appear before the grand jury.

    c) the subpoenas were not supervised by either the grand jury or the county prosecutor's office.

    d) the subpoenas were not properly signed by a prosecutor or issued by a court.

    e) the subpoenas generated evidence that was thereafter improperly used by defendants outside the criminal process and without court authorization.

    f) the subpoenas were an improper attempt by defendants to circumvent their inability to obtain plaintiff's identity by legitimate means.

20. Having obtained Wohltman's identity in this improper fashion, and in retaliation for Wohltman's having posted messages critical of defendants and the police department,

defendants initiated formal disciplinary proceedings against Wohltman seeking his removal from the police force.

21.  Those charges were the subject of a departmental hearing held on August 20, 2007.  Wohltman was later found to have violated certain policies and procedures of the Newark Police Department and was consequently suspended from his position as a police officer for nine months.  Wohltman has appealed that decision.

22.  The actions of defendants described above were taken under color of state law.

23.  The actions of defendants described above embodied, and were the result of, the policy, procedure, custom or practice of the City of Newark, in that they purported to enforce certain written rules and regulations of the Newark Police Department; in that they reflected a determination of plaintiff's rights and status by persons with supervisory and policy-making authority; and in that they represented a concerted effort by defendants to punish plaintiff for the exercise of his rights of free speech and privacy.

24.  The actions of the individual defendants were intentional, deliberate and malicious.

25.  Defendants' actions have caused plaintiff immediate and irreparable harm.

## COUNT I
**(First Amendment Violations)**

26. Plaintiff incorporates the averments of paragraphs 1-25 as if fully set forth.

27. Plaintiff has a right, protected by the First Amendment to the federal constitution, to speak freely as a citizen about matters of public interest and concern.

28. Plaintiff has a further right, also protected by the First Amendment, to speak anonymously as a citizen about matters of public interest and concern.

29. In posting his anonymous critiques of the Newark Police Department and of defendants, plaintiff was exercising those rights.

30. Plaintiff's rights to speak anonymously and as a citizen on these matters outweigh any interest defendants might have in this instance in preventing disruption or maintaining the efficient operation of the Newark Police Department.

31. The actions of defendants described above violated plaintiff's First Amendment rights by retaliating against, and punishing him, for his exercise of those rights.

32. As a proximate result of the violation of his First Amendment rights, plaintiff has been injured, in that he has been subjected to improper retaliatory discipline, and has suffered financial damages, lost pay and benefits, loss of

status, mental and emotional stress, and violation of constitutional and statutory rights.

## COUNT II
### (State Constitutional Violation – Free Speech)

33. Plaintiff incorporates the averments of paragraphs 1-32 as if fully set forth.

34. The actions of defendants described above violate plaintiff's rights under Article I, paragraphs 6 and 18 of the New Jersey Constitution.

35. As a proximate result of that violation, plaintiff has been injured as set forth above.

## COUNT III
### (State Constitutional Violation – Privacy)

36. Plaintiff incorporates the averments of paragraphs 1-35 as if fully set forth.

37. Plaintiff has a right of privacy, under Article I, paragraphs 1 and 7 the New Jersey Constitution, to use the internet anonymously absent a proper showing by state authorities of the need to obtain the identity of an anonymous internet speaker.

38. The actions of defendants described above, and in particular the misuse by defendants of the grand jury subpoena process to pierce plaintiff's constitutionally protected internet anonymity and obtain his identity, violated that right.

39. As a proximate result of defendants' conduct, plaintiff has been injured as set forth above.

## COUNT IV
### (Civil Action Pursuant to N.J.S.A. 2B:21-10(b))

40. Plaintiff incorporates the averments of paragraphs 1-39 as if fully set forth.

41. In the course of their retaliatory effort to discipline plaintiff, defendants, with the intent to injure plaintiff, purposely disclosed information concerning the proceedings of the Essex County grand jury, other than as authorized or required by law.

42. As a proximate result of defendants' conduct, plaintiff has been injured as set forth above.

## COUNT V
### (Violation of the New Jersey Wiretap Act)

43. Plaintiff incorporates the averments of paragraphs 1-42 as if fully set forth.

44. Defendants' acquisition of plaintiff's internet identity, and particularly their misuse of the grand jury subpoena process, constituted disclosure and use of plaintiff's electronic communications in violation of N.J.S.A. 2A:156A-1 et seq., the New Jersey Wiretapping and Electronic Surveillance Control Act.

45. As a proximate result of defendants' actions in violation of the state wiretap act, plaintiff has been injured as set forth above.

WHEREFORE, plaintiff demands judgment in his favor and against defendants as follows:

A. For compensatory damages.

B. For punitive damages.

C. For a declaration that plaintiff's federal and state constitutional rights have been violated.

D. For an order immediately reinstating plaintiff to his position as a patrolman in good standing and on active status with the Newark Police Department, together with all back pay and benefits.

E. For costs and attorney's fees pursuant to 42 U.S.C. §1988, N.J.S.A. 10:6-2(f), N.J.S.A. 2B:21-10(b); N.J.S.A. 2A:156A-24(c), and pursuant to any other relevant statute, rule or common law principle.

F. For all other appropriate relief.

```
                              BARRY, CORRADO, GRASSI & GIBSON, P.C.

DATED:                        _s/ FRANK L. CORRADO_____
                              FRANK L. CORRADO, ESQUIRE

                              JAVERBAUM WURGAFT HICKS KAHN
                              WIKSTROM & SININS

DATED:                        _s/ RUBIN SININS_____
                              RUBIN SININS, ESQUIRE
```

DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues.

BARRY, CORRADO, GRASSI & GIBSON, P.C.

DATED:                _s/FRANK L. CORRADO_____
                      FRANK L. CORRADO, ESQUIRE

                      JAVERBAUM WURGAFT HICKS KAHN
                      WIKSTROM & SININS

                      _s/RUBIN SININS_____
                      RUBIN SININS, ESQUIRE