June 3, 2008

**VIA ELECTRONIC FILING**

Hon. Joseph A. Greenaway, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Bldg. &
U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: Louis Wohltman v. City of Newark, et als.; Civil
    Action Number: 07-cv-5871 (JAG)

Dear Judge Greenaway:

  On behalf of Plaintiff Louis Wohltman, please accept this opposition to Defendants, June 2, 2008, request for leave to file an early dispositive motion. Defendants are simply incorrect that the material facts are undisputed and that the case is presently ripe for legal determination.

  On May 22, the Court entered a Scheduling Order specifically noting that dispositive motions shall not be submitted until 30 days after close of discovery. Discovery was not served until June 2, the date of Defendants' letter. Defendants consented to the Scheduling Order. Now they seek to alter the Order in the absence of any discovery or change of circumstances.

**Factual Background to the Action**

  This is a civil rights lawsuit arising out of Defendants' disciplining of a Newark Police Officer for his off-duty conduct in anonymous internet activities through the use of a pseudonym. Defendants were apparently upset about the postings, which were critical of the Department and its leadership, and which alleged departmental malfeasance. Defendants sought to discover the poster's identity.

This lawsuit concerns the Defendants' actions, which violated New Jersey statutes, the New Jersey Constitution and the First Amendment. Defendants' actions also violated core principles of grand jury secrecy and seriously abused the grand jury process.

Defendants took various unlawful steps to find out the identity of the anonymous internet poster. Defendants first issued administrative subpoenas of their own devising. These "subpoenas" are neither authorized by law nor, to our knowledge, within the police department's authority. The subpoenas plainly violate the New Jersey Wiretap Act.

When those subpoenas proved fruitless, Defendants went further, seeking Communications Data Warrants from at least one Superior Court judge. They did so even though the anonymous posts at issue contain no criminal conduct justifying a criminal investigation (as opposed to the administrative investigation begun by Defendants previously). In any event, the Superior Court judge rejected the request for such an Order.

Defendants next approached the Essex County Prosecutor's Office and requested grand jury subpoenas. Presumably this should have been part of a request for a grand jury investigation. There is no evidence, to our knowledge, that there was in fact a grand jury investigation. Nonetheless, a series of third-party subpoenas was issued, purportedly in the name of the Essex County grand jury. None of the issued subpoenas contained either return dates or locations. This is a requirement under New Jersey law. Several were issued to out-of-state entities. It appears the Assistant Prosecutor himself did not sign some of these subpoenas.

These "subpoenas" were not part of a legitimate grand jury investigation. Their sole purpose was to obtain the identity of the poster for the Defendants. The Prosecutor's Office did not purport to conduct a grand jury investigation; instead, shortly after the returns on the subpoenas were sent, the Prosecutor's Office wrote to Defendants indicating there was no basis for criminal prosecution.

For reasons we do not know, in violation of grand jury secrecy rules, Defendants obtained possession of the grand jury materials. Defendants thereafter utilized those grand jury materials (which are protected by the New Jersey Wiretap Act and the New Jersey Constitution) for purposes of internal, administrative discipline within the Newark Police Department. Defendants obtained no court order permitting the release of the grand jury materials or the use of these materials for administrative purposes. Plaintiff was disciplined, subjected to

nine months' suspension without pay.

If Defendants were to admit all of the foregoing, then there would be no factual dispute (and plaintiffs, not defendants, would be moving for summary judgment). But they do not.

### Legal Background to the Action

Defendants' recitation of the issues in this action are disputed factually and legally. Plaintiff disputes that there was a grand jury investigation, much less any reasonable basis or <u>any basis</u> for a grand jury investigation. Plaintiff further disputes that the grand jury subpoenas were properly issued.

Plaintiff does accept that Defendants learned of Plaintiff's identity through the grand jury subpoenas. But the relevant questions are how and why <u>Defendants</u>, as opposed to the Essex County Prosecutor's Office and the grand jury, came into possession of this information. It is also relevant to know how and why Defendants claim they are entitled to this information and may utilize it for internal, disciplinary proceedings. Plaintiff further contends that Defendants did engage in constitutional violations.

Defendants' discussion of recent precedent points up their misunderstanding of the relevant principles here. In <u>State v. Reid</u>, 194 N.J. 386 (2008), the New Jersey Supreme Court held that the New Jersey Constitution protects third-party information in the hands of an internet service provider. A proper, valid grand jury subpoena is required for the disclosure of this information to a grand jury investigating criminal activity. These principles are the beginning and not the end of the analysis in this case.

Here, Defendants misused the grand jury process when there was no criminal conduct to be investigated. No valid grand jury subpoenas were issued. There was no grand jury investigation. The information revealed to the grand jury was somehow released to Defendants in violation of law. The information then was used civilly, in an administrative context, without any court order.

Nothing in <u>Reid</u> supports the notion that a pretextual grand jury subpoena may be issued under the guise of a non-existent criminal investigation to obtain material for use in civil proceedings. <u>Reid</u> recognizes the opposite: that established constitutionally protected privacy rights may only be overcome in limited circumstances under the protection and judicial oversight of the grand jury process. Defendants

patently misused that process here.

<u>Dible v. City of Chandler</u>, 515 F.3d 918 (9th Cir. 2008), is even less applicable.  In the first place, the case was decided on summary judgment after discovery.  Second, it does not involve misuse of the grand jury process.  Third, it involved a police officer's promotion of a pornographic website for profit, not statements about misfeasance in the police department.  Certainly it does not stand for the proposition that Wohltman's speech is unprotected by the First Amendment.

None of the information disclosed under Rule 26 renders any of these issues "undisputed."  Having legitimately raised them, Plaintiff is entitled to explore them through discovery.  Defendants should not be permitted to shield the discovery of this information through a premature filing based upon purported "undisputed facts," where there is no agreement as to those facts at all.

> Respectfully yours,
> BARRY, CORRADO, GRASSI & GIBSON PC
>
>
> s/ Frank L. Corrado
>
>
> Frank L. Corrado

FLC/aim
cc:  Stefani Schwartz, Esquire
     Eric Pennington, Esquire
     Edward Barocas, Esquire
     Rubin Sinins, Esquire